IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LUTHER McKINLEY JONES,

    Plaintiff,

v.                                                                                  Civil Action No. **3:14CV752**

**CAROL CLARK,** *et al.*,

    Defendants.

### MEMORANDUM OPINION

Luther McKinley Jones, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I.    PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by an individual proceeding *in forma pauperis* if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,*

---

[1] The statute provides, in pertinent part:

Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS

In his terse Complaint, under the "Statement of the Claim" section, Jones states only that: "Previously stated contract killing investigate." (Compl. 4, ECF No. 1.)[2] In a letter attached to his Complaint, Jones asserts that his "family relatives foster parents were robbed murdered raped kidnapped and been held for quite some time." (Letter at 1, ECF No. 1–2.) He alleges that people "put a poison in [his] system that not only turned [him] into a radio [he] learned they call ebola." (*Id.*) Jones further alleges that he has "a deadline to collect on certain heritage inheritances where these persons will . . . try to pick up prime properties or forfeit in trusts because of the long disappearance." (*Id.* at 3.) Jones alleges that he has "been kidnapped" and needs to "get this poison out of my system." (*Id.*) He provides a list of individuals, none of whom are named Defendants,[3] and asserts that they have "covered up their crimes by putting

---

[2] The Court corrects the spelling and capitalization in quotations from Jones's Complaint.

[3] The named Defendants are: Carol Clark, Director of the Department of Corrections; and Era Switch, Chairman.

[him] in mental health." (*Id.*) Jones seeks $980 trillion per second as well as "time served[,] monies awarded," an investigation, and to "go to Coffeewood during trial." (Compl. 5.) For the reasons set forth below, Jones's Complaint will be DISMISSED AS FRIVOLOUS.

### III.   ANALYSIS

It is both unnecessary and inappropriate to engage in an extended discussion of the utter lack of merit of Jones's theory for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). Jones's Complaint fails to state a claim against Defendants for several reasons.

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Accordingly, the plaintiff must allege facts that affirmatively show "that the official charged acted *personally* in the deprivation of the plaintiff[']s rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing *Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968)). Here, Jones fails to state a claim against the named Defendants. Jones has merely included the names of the Defendants in the caption and fails to allege any facts suggesting that

the Defendants had any direct involvement or personal responsibility in the alleged wrongdoings. Additionally, Jones fails to identify a constitutional right that has been violated. *See Dowe*, 145 F.3d at 658. Moreover, the factual contentions of Jones's Complaint are clearly baseless. For these reasons, Jones's claims will be DISMISSED AS FRIVOLOUS. The action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

Date: 10/15/15
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge